**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4452**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TAURINO ALONSO MARIANO, a/k/a Taurino M. Alonso, a/k/a
Santana Augustine Santana, a/k/a Al Gonsales, a/k/a Carlos
Gonzales, a/k/a Pedro Jaimes, a/k/a Juan Dedios Ocampos,
a/k/a Juan Delos Campos, a/k/a Aldo Hernandez Gonzalez,
a/k/a M. Taurino, a/k/a Laureano Alonso Mariano,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   Michael F. Urbanski,
District Judge. (5:14-cr-00007-MFU-2)

Submitted:  January 12, 2017      Decided:  January 24, 2017

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Abram J. Pafford, THE PAFFORD LAW FIRM, PLLC, Lynchburg,
Virginia, for Appellant.   Grayson A. Hoffman, Assistant United
States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taurino Alonso Mariano pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Mariano to 240 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Mariano's counsel has filed a brief certifying there are no meritorious grounds for appeal but questioning whether the Government unconstitutionally filed an information pursuant to 21 U.S.C. § 851 (2012) ("the information") and whether an adequate factual basis supports Mariano's plea. We affirm the district court's judgment.

Because Mariano did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P.

2

11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

A knowing and voluntary guilty plea "conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Here, Mariano knowingly and voluntarily pled guilty. Moreover, the statement of facts introduced at the plea hearing stated that Mariano personally delivered over 500 grams of methamphetamine during the course of the conspiracy. See United States v. Ketchum, 550 F.3d 363, 367 (4th Cir. 2008). Thus, we conclude the district court did not plainly err in finding that a sufficient factual basis supports Mariano's plea.

Counsel also questions whether the Government had unconstitutional motives in filing the information. Because Mariano failed to object to the information in the district court, we review for plain error. See United States v. Moore, 810 F.3d 932, 939 (4th Cir. 2016) (setting forth standard of review). To challenge the Government's decision to file the information, Mariano "must present at least some evidence to show not only that he was singled out but also that he was singled out for reasons that are invidious or in bad faith." United States v. Sanchez, 517 F.3d 651, 671 (2d Cir. 2008) (internal quotation marks omitted); see also United States v.

3

Venable, 666 F.3d 893, 900 (4th Cir. 2012) (holding that to raise a selective prosecution claim, "a criminal defendant must present clear evidence . . . demonstrating that the government was motivated by a discriminatory purpose to adopt a prosecutorial policy with a discriminatory effect" (internal quotation marks omitted)).

Mariano concedes that he lacks evidence to show that the Government had an unconstitutional motive in filing the information. Moreover, the record reveals an adequate basis for filing the information in this case — Mariano's numerous convictions for controlled substance offenses. Thus, we discern no unconstitutional motives on the part of the Government.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mariano, in writing, of the right to petition the Supreme Court of the United States for further review. If Mariano requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mariano.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED